Yoshio I Acosta 67698-221
Federal Correctional Insitute 2
Post Office Box 3850
Adelanto, California 92301

FILED
CLERK ... DISTRICT COURT

JAN 1 3 2016

CENTRAL DISTRICT OF CALIFORNIA
BY ... DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

YOSHIO I ACOSTA,

                 Plaintiff,

v.

CENTRAL FINANCE CONTROL,

                 Defendant.

Case No. EDCV16-74 VAP (DTB)

**COMPLAINT**

**A.**

### JURISDICTION

1.    This is an action that alleges that this court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this is a civil action arising out federal laws of the United States.

**B.**

### DEFINITIONS

2.    The plaintiff, Yoshio I Acosta is a "consumer" as defined by 15 U.S.C. § 1692a(3), as "any natural person obligated or allegedly obligated to pay any debt".

3.    The defendant, Central Finance Control is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as "any person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collection of any debts owed or due or asserted to be owed or due to another."

**C.**

### STATEMENT OF THE CASE

4.    On October 12, 2015, The plaintiff obtained a copy of his credit report from TranUnion LLC which revealed that Central Finance

RECEIVED
CLERK, U.S. DISTRICT COURT

JAN 1 1 2016

CENTRAL DISTRICT OF CALIFORNIA
BY ... DEPUTY

1  Control ("defendant") had placed an entry on the plaintiffs credit

2  report communicating that the plaintiff allegedly had an account

3  in default with the defendant in the amounts of:

4        a.   CREDITOR:   Central Finance Control AMOUNT: $887.00

5            DATE UPDATED:  03/23/2011

6        b.   CREDITOR:   Central Finance Control AMOUNT: $449.00

7            DATE UPDATED:  03/23/2011

8        c.   CREDITOR:   Central Finance Control AMOUNT: $695.00

9            DATE UPDATED:  03/23/2011

10       d.   CREDITOR:   Central Finance Control AMOUNT: $1,255.00

11           DATE UPDATED:  03/23/2011

12 See Exhibit A.

13     5.    The defendant took receipt of the plaintiffs "Notice

14 of Adinistrative Remedy", which was signed and executed by the plaintiff

15 on November 11, 2015. In that document, the plaintiff requested that the

16 defendant validate the alleged debt pursuant to the Fair Debt

17 Collection Practices Act or also known  as the "FDCPA", 15 U.S.C.

18 § 1692g(a) and § 1692g(b) through regular mail. See Exhibit B.

19     6.    On November 11, 2015, The plaintiff sent to

20 Central Finance Control a " Debt Disclosure Statement" which asked

21 several questions such as, (1) Name of the Debt Collector, (2) Address

22 of Debt Collector, (12) Did debt collector purchase this alleged

23 account from a previous debt collector?, (15) What are the terms of the

24 transfer rights re this alleged account?, (17) If the transfer of

25 rights re this alleged account was by assignment, was there consideratio

26 (33) Does there exist verifable evidence of an exchange of a benefit

27 or detriment between debt collector and alleged Debtor? (37) Have

1  any charge-offs been made by any creditor or debt collector regarding

2  this alleged account? (38) Have any insurance claims been made by any

3  creditor or debt collector regarding this alleged account? (43) At the

4  time the alleged original contract was executed, were all parties

5  apprised that said alleged original  contracted was executed, were all

6  parties apprised that said alleged contract was a private credit

7  instrument? See Exhibt C.

8        7.      After multiple attempts to verify assignment of debt,

9  executed contracts, and verifiable evidence, the defendant knowingly

10  continues to ignore the requests. The defendant has a fiduciary responsibility to

11  make sure any request by a consumer regarding a debt existing  is provided.

12  D.                          CLAIM ONE

13        8.      The plaintiff asserts that the defendant violated section

14  15 U.S.C. § 1692e(2)(A) of the Fair Debt Collection Practices Act when

15  the defendant reported to Equifax Information Services, Experian

16  Information Solutions, and TransUnion, LLC that the plaintiff is in

17  default witht he defendant in the amounts of $887.00, $449.00, $695.00,

18  and $1,255.00 through assigment from Medical-Sierra Providence East,

19  Medical-Chamizal Emergency, and Medical-Questcare er Del Sol.

20  See Exhibit A.

21        9.      Black's Law Dictionary Deluxe Ninth Edition defines

22  "Assignment" as the "Transfer of rights or property". Question 17 of

23  the "Debt Disclosure Statement" asks, "If the trans fer of rights re

24  this alleged account was by assignment, was there consideration?".

25  The defendant never responded to this question. See Exhibit C.

26        10.     The "CAVEAT" on page 3, Section 4(b)(I) of the "Notice of

27  Administrative Remedy" says, the "Debt Collector's failure in providing

1  respondent the requisite Verification, Validating the above referenced

2  alleged debt within the requirements of law.....debt collector tacitly

3  agrees that: (1) Debt Collector has no lawful, bona fide, verifiable

4  claim regarding the above referenced account." See Exhibit B.

5      11.    Tourgeman v. Collins Fin. Servs 755 F. 3d 1119 states the

6  "false representation of the character,amount, or legal status of any

7  debt" is prohibited by the ("FDCPA"). The defendant intended to

8  manipulate the plaintiff by falsely representing the alleged debt even

9  though it was never assigned by the original creditors - Medical-Sierra

10  Providence East, Medical-Chamizal Emergency, and Medical-Questcare er

11  Del Sol.

12      12.    The plaintiff hereby seeks statutory damages in the amount

13  of $1,000.00 for each of the three (3) violations of 15 U.S.C. § 1692

14  e(2)(A) made by the defendant.

15  E.                        CLAIM TWO

16      13.    The plaintiff asserts that the defendant violated section

17  15 U.S.C. § 1692e(8) of the Fair Debt Collection Practices Act when the

18  defendant communicated false information concerning the alleged debts

19  which the plaintiff never owed to the defendant. The defendant

20  communicated to Equifax Information Services, Experian Information

21  Solutions and TransUnion, LLC false information.

22      14.    Question thirty three (33) of the "Debt Disclosure Statement'

23  asks, "Does there exist verifiable evidence of an exchange of a

24  benefit or detriment between debt collector and alleged debtor?". The

25  defendant never responded to this question. See Exhibit C.

26      15.    The "CAVEAT" on page 3, Section 4(b)(II) of the "Notice

27  of Administrative Remedy" says, The "Debt Collector's failure in

providing respondent the requisite Verification, Validating the above referenced alleged debt within the requirements of law.....debt collector tacitly agrees that: (II) Debt Collector waives all claims against the respondent. See Exhibit B.

16.   By not responding to Notice which was mailed to the defendant, The defendant automatically agrees to  waive all claims against the plaintiff. By not responding to question thirty three (33) of the "Debt Disclosure Statement", The defendant  agrees that there was never verifiable evidence of an exchange of a benifit or detriment between the debt collector and plaintiff. See Exhibit C.

17.   Guerrero v. RJM Acquisitions LLC. 499 F.3d 943 (9th Cir. U.S. App LEXIS 20072) states "Communicating or threatening to communicate to any persons credit information which is known.....to be false." In order to sustain section 1692e(8),, Central Finance Control never had "Verifiable evidence of an exchange of a benefit or detriment between debt collector and alleged debtor."

18.   The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for each of the three (3) violations of 15 U.S.C. § 1692e(8) made by the defendant.

F.                          CLAIM THREE

19.   The plaintiff asserts that the defendant violated section 15 U.S.C. § 1692e(10) of the Fair Debt Collection Practices Act ("FDCPA") when the defendant used false and deceptive means to collect debts from the plaintiff when the defendant original creditor had written off the debt against their balance sheet as a chargo off. By communicating false information, the defendant attempted to gain an advantage of an unsophisticated consumer through false misrepresentation. See Exhibit A.

Page 5

1    20.    Heathman v. Porfolio Recovery Assoc., LLC, U.S. Dist.

2  LEXIS 27057 (9th Cir. 2013) states, " A debt collector violates

3  [section 1692e(10)] if it ' use[s] .....a false representation or

4  deceptive means to collect or attempt to collect any debts or to obtain

5  information concerning a consumer' ( a debt collectors representation

6  that a debt is owed to it when in fact it is not, amounts to a

7  misrepresentation barred by the "FDCPA".)

8    21.    The plaintiff hereby seeks statutory damages in the

9  amount of $1,000.00 for each violation of 15 U.S.C. § 1692e(10) made

10  by the defendant.

11  G.                    CLAIM FOUR

12    22.    The plaintiff asserts that the defendant violated section

13  15 U.S.C. § 1692e(12) of the Fair Debt Collection Practices Act when

14  the defendant communicated the false representation that the alleged

15  accounts were turned over to Central Finance Control for value to

16  Equifax Information Services, Experian Information Solutions,

17  an TransUnion LLC.

18    23.    Question nine (9) of the "Debt Disclosure Statement"

19  asks, "Does Debt Collector have a bona fide affidavit of assignment

20  for entering into alleged original contract between alleged original

21  Creditor and alleged Debtor?" See Exhibit C.

22    24.    The "CAVEAT" on page 4, Line Item 7 states, "In the

23  event that the debt collector does not respond to this "NOTICE" within

24  the presribed time limit for response and there has likewise been no

25  no request for extension of time with good cause shown therein, then

26  the debt collector agrees that the debt collector has submitted a fraudul

27  claim against respondent, and respondent can file a new lawsuit for costs,

1   fees, and injuries incurred defending against this fraudulent collection

2   by debt collector regarding the above referenced account." See Exhibit B.

3       25.     By not responding nor requesting a reasonable extension,

4   the defendant tacitly agrees that a fraudulent claim against the plaintiff

5   was submitted. The defendant never received valid assignment to pursue

6   or report to the major credit reporting agencies regarding the debts

7   associated with the plaintiff.

8       26.     Fortunato v. Hopp Law Firm, LLC, 2012 U.S. Dist. LEXIS

9   152712 (9th Circuit) states, "Section 1692e(12) prohibits the false

10  representation or implication that accounts have been turned over to

11  innocent purchasers for value". When determining whether a misrepresentati

12  in a debt collection has been made, the court must apply the

13  "least sophisticated debtor" standard. The analysis is objective and

14  "Takes into account whether the "Least sophisticated debtor" would

15  likely be misled by a communication." (quoting Donohue v. Quick Collect,

16  Inc., 592 F.3d 1027. 1030 (9th Cir.)) The plaintiff was falsely represente

17  by the defendant of the transfer of debt by the original creditor.

18      27.     The plaintiff hereby seeks statutory damages in the amount

19  of $1,000.00 for each of the three (3) violations of 15 U.S.C. §

20  1692e(12) made by the defendant.

21  H.                          **CLAIM FIVE**

22      28.     The plaintiff asserts that the defendant violated section

23  15 U.S.C. § 1692f(1) of the Fair Debt Collection Practices Act when the

24  defendants unconscionable means to attempt to collect alleged debts by

25  reporting to Equifax Information Services, Experian Information Solutions

26  and Trans Union LLC that Central Finance Control had obtained

27  legal permission documented by a valid assignment and was told

that the plaintiff was now in default with debts owed to the defendant. This was an attempt to force the plaintiff to pay monies allegedly owed to the defendant when in fact, no evidence was ever sent to the plaintiff that he owed the debt.

29.   Sukiasyan v. OCS Recovery Inc., U.S. Dist. LEXIS 29877 (9th Cir. 2013) states, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fees, charge, or expense incidental to the principle obligation) unless such amount is expressingly authorized by the agreement creating the debt or permitted by law." Minus the agreement to collect on the attempted debt, the defendant is in direct violation of this section.

30.   The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for each of the three (3) violations of 15 U.S.C. $ 1692f(1) made by the defendant.

I.                              **DAMAGES**

31.   15 U.S.C. § 1692 - Civil Liability - (a) Amount of Damages - Except as otherwise prohibited by this section, any debt collector who fails to comply with any provision of this title (15 USCS §§ 1692 et seq.) with respect to any person liable to such person in the amount equal to the sum of:

(2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00

J.                         **REQUESTED RELIEF**

CLAIM ONE:    The violation of 15 U.S.C. § 1692e(2)(A) is $1,000.00

Page 8

for each of the four (4) alleged debts the defendant falsely reported

to Equifax Information Services, Experian Informaton Solutions, and

Trans Union, LLC, and $1,000.00 for the false representation

of debt reported to all three credit reporting agencies.

**TOTAL DAMAGES:**                         + $12,000.00

**CLAIM TWO:**   A violation of 15 U.S.C. § 1692e(8) of the ("FDCPA") is

$1,000.00 for each of the four (4) alleged debts the defendant falsely

reported to Equifax Information Services, Experian Information Solutions,

and Trans Union, LLC, and $1,000.00 for each of the credit reporting

agencies the false information was reported to.

**TOTAL DAMAGES:**                         + $12,000.00

**CLAIM THREE:** A violation of 15 U.S.C. § 1692e(10) of the ("FDCPA") is

$1,000.00 for each of the four (4) alleged debts the defendant falsely

reported to Equifax Informaon Services, Experian Information Solutions,

and Trans Union, LLC, and $1,000.00 for the false communication made by

the defendant to the three credit reporting agencies.

**TOTAL DAMAGES:**                         + $12,000.00

**CLAIM FOUR:**   A violation of 15 U.S.C. § 1692e(12) of the ("FDCPA") is

$1,000.00 for each of the four (4) alleged debts the defendant falsely

reported to Equifax Information Services, Experian Information Solutions,

and Trans Union, LLC, and $1,000.00 for the false representation made

by the defendant regarding the plaintiffs alleged debt reported to the

three credit reporitng agencies.

**TOTAL DAMAGES:**                         + $12,000.00

**CLAIM FIVE:** A violation of 15 U.S.C. § 1692f(1) of the ("FDCPA") is

$1,000.00 for each of the four (4) alleged debts the defendant falsely

reported to Equifax Information Services, Experian Information Solutions,

and Trans Union, LLC, and $1,000.00 for the unconscionable means the defendant used to collect the alleged debts from the plaintiff.

**TOTAL DAMAGES:**                          + $12,000.00

32.    The total amount of damages requested by the plaintif is $60,350.00.

33.    The $350.00 added is the court cost associated with this section.

I Yoshio I Acosta,     hereby declare under penalty of perjury in the State of California, the the information stated above and any attachments to this form is true and correct.

DATED:                          BY:_____
                                         Yoshio I Acosta

Page 10

# EXHIBIT

# A

## -Begin Credit Report-

## Personal Information

You have been on our files since 05/01/2002

**SSN:** XXX-XX-4534

**Date of Birth:** 09/18/1984

### Names Reported: YOSHIO I. ACOSTA

### Addresses Reported:

| Address | Date Reported | Address | Date Reported |
|---|---|---|---|
| PO BOX 3850, ADELANTO, CA 92301-0709 | 07/15/2015 | 10364 VALLE FERTIL DR, EL PASO, TX 79927-3897 | 09/05/2006 |
| 1287G REID RD, EL PASO, TX 79927-4832 | 01/24/2007 | 1287 REID RD APT G, EL PASO, TX 79927-4832 | 10/24/2005 |
| 10308 REID RD, EL PASO, TX 79927-4805 | | 15100 GWENDOLYN DR, EL PASO, TX 79938-9293 | 11/15/2010 |
| 4649 TURF RD TRLR 9, EL PASO, TX 79938-9738 | 10/05/2010 | 15580 SALT BUSH DR, EL PASO, TX 79938-8224 | 10/18/2009 |
| 1287F REID RD, EL PASO, TX 79927-4832 | 06/19/2009 | 367 ESCALANTE DR APT A, SOCORRO, TX 79927-1492 | 11/15/2007 |
| 295 GRANILLO ST, EL PASO, TX 79907-6825 | 03/06/2007 | 9030 BETEL DR, EL PASO, TX 79907-2900 | 11/15/2006 |

### Telephone Numbers Reported:

| | | | | | | |
|---|---|---|---|---|---|---|
| (915) 858-8769 | (915) 790-0769 | (915) 726-1101 | (915) 872-9074 | (915) 849-9090 | (915) 858-4334 | (915) 276-8883 |
| (915) 540-3790 | (915) 226-1969 | (773) 269-1581 | (915) 790-3521 | | | |

## Account Information

Typically, creditors report any changes made to your account information monthly. This means that some accounts listed below may not reflect the most recent activity until the creditor's next reporting. This information may include things such as balances, payments, dates, remarks, ratings, etc. The key(s) below are provided to help you understand some of the account information that could be reported.

### Rating Key

Some creditors report the timeliness of your payments each month in relation to your agreement with them. The ratings in the key below describe the payments that may be reported by your creditors. Any rating that is shaded indicates that it is considered adverse. Please note: Some but not all of these ratings may be present in your credit report.

| N/R | X | OK | 30 | 60 | 90 | 120 | COL | VS | RPO | C/O | FC |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Not Reported | Unknown | Current | 30 days late | 60 days late | 90 days late | 120+ days late | Collection | Voluntary Surrender | Repossession | Charge Off | Foreclosure |

## Adverse Accounts

**CENTRAL FINANCE CONTROL #102628****** ( PO BOX 660873, DALLAS, TX 75266, (888) 233-7880 )

| | | | | | |
|---|---|---|---|---|---|
| Placed for collection: | 05/18/2010 | Balance: | $887 | Pay Status: | ›In Collection‹ |
| Responsibility: | Individual Account | Date Updated: | 03/23/2011 | | |
| Account Type: | Open Account | Original Amount: | $887 | | |
| Loan Type: | COLLECTION AGENCY/ATTORNEY | Original Creditor: | MEDICAL-SIERRA PROVIDENCE EAST MEDICAL (Medical/Health Care) | | |

**Remarks:** ›PLACED FOR COLLECTION‹
**Estimated month and year that this item will be removed:** 01/2017

**CENTRAL FINANCE CONTROL #104255****** ( PO BOX 660873, DALLAS, TX 75266, (888) 233-7880 )

| | | | | | |
|---|---|---|---|---|---|
| Placed for collection: | 07/05/2010 | Balance: | $449 | Pay Status: | ›In Collection‹ |
| Responsibility: | Individual Account | Date Updated: | 03/23/2011 | | |
| Account Type: | Open Account | Original Amount: | $449 | | |
| Loan Type: | COLLECTION AGENCY/ATTORNEY | Original Creditor: | MEDICAL-SIERRA PROVIDENCE EAST MEDICAL (Medical/Health Care) | | |

**Remarks:** ›PLACED FOR COLLECTION‹
**Estimated month and year that this item will be removed:** 03/2017

**CENTRAL FINANCE CONTROL #94180****** ( PO BOX 660873, DALLAS, TX 75266, (888) 233-7880 )

| | | | | | |
|---|---|---|---|---|---|
| Placed for collection: | 09/10/2009 | Balance: | $695 | Pay Status: | ›In Collection‹ |
| Responsibility: | Individual Account | Date Updated: | 03/23/2011 | | |
| Account Type: | Open Account | Original Amount: | $695 | | |
| Loan Type: | COLLECTION AGENCY/ATTORNEY | Original Creditor: | MEDICAL-SIERRA PROVIDENCE EAST MEDICAL (Medical/Health Care) | | |

**Remarks:** ›PLACED FOR COLLECTION‹
**Estimated month and year that this item will be removed:** 04/2016

**To dispute online go to: http://transunion.com/disputeonline**

# EXHIBIT

# B

<u>**NOTICE**</u>

**DATE:**   11-04-2015

<u>YoshioI Acosta</u>      .
**(Consumer)**

**Certified Mail Number
#**
**Social Security Number
#** XXX-XX-4534

<u>Central Finance Control</u>
**(Debt Collector)**

**Alleged Account(s)
#**  102628xxxxxx --A
     104255xxxxxx --B
     94180xxxxxxx --C
     97504xxxxxxx --D

**SUBJECT:** <u>Request for Validation of Debt, and Notice of Reservation of</u>
<u>Rights for initiating a Counter Claim against the Debt Collector's</u>
<u>official Bond.</u>

**Consumer's Private Notice of Administrative Remedy**

The private notice of administrative remedy demand is binding
upon every principle agent regarding the subject matter set forth
herein above.

<u>Written communication for Validation of alleged debt(s) pursuant</u>
<u>to Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (a)(1).</u>

It has come to my attention after reviewing a copy of my credit
report dated  <u>10/12/2015</u>  that your agency has communicated to
Equifax, Transunion or Experian that I owe ($) ⎧A)$887 C)695⎫
⎩B)$449 D)1,225⎭
to your company. Please note that I consider your demand for money
a written communication from a debt collector. I now exercise my
rights pursuant to 15 U.S.C. § 1692(a)(1) and request validation
of the alleged debt.

I have included with this notice for proof of debt also known as
a "DEBT COLLECTION  DISCLOSURE STATEMENT" for the legitimate purpose
of insuring that your agency's validation is executed in accordance
with the laws codified in TITLE 15 U.S.C. § 1692g and must be
completed in full by your agency and returned to me within thirty day

**PAGE 1 of 5**

of your agency's receipt.

## CAVEAT

1.     I am respectfully providing advance notice to your agency of the civil liabilities under TITLE 15 U.S.C. § 1692 for failure to comply with said provisions of this title [15 USCS§§ 1692 et seq.].

2.     Upon receipt of this NOTICE, The debt collector must cease all collection activity regarding the alleged debt(s) until the respondent is sent the herein requested verification as required by the FAIR DEBT COLLECTION PRACTICES ACT.

3.     If debt collector, such as by commission, omission, and other wise:

> (a) Fails in giving respondent full disclosure regarding the nature and cause of debt collector's claim concerning the herein above referenced alleged debt.
>
> (b) Makes false representation of the character of herein above referenced alleged debt.
>
> (c) Makes false representation of the legal status of the herein above referenced alleged debt.
>
> (d) Makes any threat of action that cannot legally be taken in violation of any applicable law, such as the law at the FAIR DEBT COLLECTION PRACTICES ACT.

Respondent may initiate a counterclaim and claim against the debt collector's bond as well as bonds of any principle agent, and assignee of debt collector whose acts and omissions result in the respondent sustaining any tort injury.

4.     Debt Collector is also hereby given Notice that:

<u>DISCLOSURE STATEMENT ATTACHED</u>

(a) Debt Collector's unsubstantiated demand for payment. A
a scheme to be delivered by mail may constitute mail fraud
under the State and Federal Laws. (Debt Collector may wish
to consult with a competent legal council before
originating any further communication with respondent)

(b) Debt Collector's failure in providing respondent the
requisite Verification, Validating the above referenced
alleged debt within the requirements of law as coded in the
**FAIR DEBT COLLECTION PRACTICES ACT** and the corresponding
laws of each state signifies that debt collector tacitly
agrees that:

I     Debt Collector has no lawful, bona fide, verifiable claim
regarding the above referenced alleged account.

II    Debt Collector waives any and all claims against respondent.

III   Debt Collector tacitly agrees that Debt Collector will
compensate respondent for al cost, fees, and expenses
incurred in defending against this claim and any continued
fraudulent collection attempts regarding the above referenced
alleged account.

5.      This is also an attempt for determining the nature and basis
of a case or counterclaim against the debt collector, and any
information contained within debt collector's commission, omission,
and the like will be used for that purpose.

**PAGE 3 of 5**

<u>THIS IS A NOTICE OF RESERVATION OF RIGHT FOR INITIATING A
COUNTERCLAIM AND FILING A CLAIM AGAINST AN OFFICIAL BOND:</u>

<u>Central Finance Control</u>
NAME OF COMPANY OR BOND HOLDER

**\*\*\*CAVEAT\*\*\***

7.      In the event that the debt collector does not respond to this
"Notice" within the prescribed time limit for reponse and there has
likewise been no request for extension of time with good cause shown
therein, then the debt collector agrees that debt collector has
submitted a fraudulent claim against respondent, and reespondent can
file a law suit for costs, fees, and injuries incurred defending
against this fraudulent collection by debt collector regarding the
above referenced account.

## VERIFICATION AND CERTIFICATION

8.      The undersigned consumer, <u>Yoshio I Acosta</u>      does herein
swear, declare, and affirm that this notice for validation of debt
and reservation of rights that the consumer can competently state the
matter set forth herein, that the contents are true, correct, and
complete. This verification and certification is executed this <u>4th</u>
day of <u>November </u>2015.

_(Signature of Consumer)_

### PROOF OF SERVICE

I declare under penalty of perjury under the State of
California that I personally mailed a    "Notice for Validation of
Debt" (5 Pages) and "Debt Collector's Disclosure Statement" (3 Pages)
to all parties listed below at:

<u>Central Finance Control</u>
<u>1500 South Douglass Road</u>
<u>Anaheim, CA 92806 </u>

On this <u>4th</u>     day of <u>November 2015 </u>, I certify this to be true,
correct, and complete.

_(Signature of Consumer)_

**PAGE 5 of 5**

# EXHIBIT

# C

# DEBT COLLECTOR DISCLOSURE STATEMENT

This statement and the answers contained herein may be used by the respondent in any court of competent jurisdiction.

## Respondent's Private NOTICE of Administrative Remedy

**NOTICE**: This Debt Collector Disclosure Statement is not a substitute nor the equivalent of the hereinabove-requested verification of the record. Example: "Confirmation of correctness, truth, or authenticity, by affidavit, oath, or deposition". (Black's Law Dictionary, Sixth Edition, 1990) This statement **must** be completed in accordance with the Fair Debt Collection Practices Act (15 USC§ 1692), applicable portion of Truth In Lending (Regulation Z), 12 CFR 226, and demands as cited above in Offer of performance. The debt collector must make all required disclosures clearly and conspicuously in writing regarding the following:

1.     Name of Debt Collector: _____

2.     Address of Debt Collector: _____

3.     Name of alleged Debtor: _____

4.     Address of alleged Debtor: _____

5.     Alleged Account Number: _____

6.     Alleged debt owed:$ _____

7.     Date alleged debt became payable: _____

8.     If different from the Debt Collector, what is the name and address of the alleged Original Creditor concerning this alleged account?

       _____

9.     If the Debt Collector is different from the alleged Original Creditor, does the Debt Collector have a bona fide affidavit of assignment for entering into a contract between the Original Creditor and the Debt Collector?

       **YES**            **NO**

10.    Did Debt Collector purchase this alleged account from the alleged Original Creditor?

       **YES**          **NO**             **N/A (Not Applicable)**

11.    If applicable, date of purchase of this alleged account from alleged account from alleged Original Creditor, and purchase amount:

       **Date:** _____     **Amount:$** _____

12.    Did Debt Collector purchase this alleged account from a previous deb collector?

       **YES**          **NO**            **N/A (Not Applicable)**

13.    If applicable, date of purchase of this alleged account from previous debt collector, and purchase amount:

       **Date:** _____     **Amount:$** _____

14.    What are the terms of the transfer of rights regarding this alleged account?

       _____

15.  Regarding this alleged account, Debt Collector is currently the:

    (A)  Owner

    (B)  Assignee

    (C)  Other-Explain: _____

16.  If applicable, transfer of rights regarding this alleged account was executed by the following method:

    (A)  Assignment

    (B)  Negotiation

    (C)  Novation

    (D)  Other-Explain: _____

17.  If the transfer of rights regarding this alleged account was by assignment, was there consideration?

    YES        NO                N/A *(Not Applicable)*

18.  What is the nature and cause of the consideration cited in #17 above?

    _____

    _____

19.  If the transfer of rights regarding this alleged account was by negotiation, was the alleged account taken for value?

    YES        NO                N/A *(Not Applicable)*

20.  What is the nature and cause of any value cited in #19 above?

    _____

21.  If the transfer of rights regarding this alleged account was by novation, was consent given by alleged debtor?

    YES        NO                N/A *(Not Applicable)*

22.  What is the nature and cause of any consent in #21 above?

    _____

23.  Has Debt Collector provided alleged Debtor with the requisite verification of the alleged debt as *required* by the *Fair Debt Collection Practices Act*?

    YES        NO                N/A *(Not Applicable)*

24.  Date said verification cited above in #23 was provided by the alleged debtor? _____

25.  Was said verification cited above in #23 in the form of a sworn or affirmed oath, affidavit, or deposition?

    YES        NO                N/A *(Not Applicable)*

26.  Verification cited above in #23 was provided to the alleged debtor in the form of:

    OATH        AFFIDAVIT        DEPOSITION

27.  Does Debt Collector have knowledge of any claim(s) or defense(s) regarding this alleged account?

    YES        NO                N/A *(Not Applicable)*

28.  *What is the nature and cause of any claim(s) or defense(s) regarding this alleged account?* _____

29.   was alleged Debtor sold any products or services by Debt Collector?

    **YES**         **NO**                **N/A** *(Not Applicable)*

30.   What is the nature and cause of any products or services cited above in #29?

_____

31.   Does there exist a verifiable, bona fide, original commercial instrument between Debt Collector and alleged Debtor containing alleged Debtor's bona fide signature?

    **YES**       .   **NO**                **N/A** *(Not Applicable)*

32.   What is the nature and cause of any verifiable commercial instrument cited above in #31?

_____

33.   Does there exist verifiable evidence of an exchange of a benefit or detriment between Debt Collector and alleged Debtor?

    **YES**         **NO**                **N/A** *(Not Applicable)*

34.   What is the nature and cause of this evidence of an exchange of a benefit or detriment as cited above in #33?

_____

35.   Does any evidence exist of verifiable external act(s) giving the objective semblance of agreement between Debt Collector and alleged Debtor?

    **YES**         **NO**                **N/A** *(Not Applicable)*

36.   What is the nature and cause of any external act(s) giving the objective semblance of agreement from #35 above?

_____

37.   Have any charge-offs or write-offs been made by any creditor or debt collector regarding this alleged account?

    **YES**         **NO**                **N/A** *(Not Applicable)*

38.   Have any insurance claims been made by any creditor or debt collector regarding this alleged account?

    **YES.**        **NO**                **N/A** *(Not Applicable)*

39.   Have any tax write-offs been made by any creditor or debt collector regarding this alleged account?

    **YES**         **NO**                **N/A** *(Not Applicable)*

40.   Have any tax deductions been made by any creditor or debt collector regarding this alleged account?

    **YES**         **NO**                **N/A** *(Not Applicable)*

41.   Have any judgments been obtained by any creditor or debt collector regarding this alleged account?

    **YES**         **NO**                **N/A** *(Not Applicable)*

42.   At the time the alleged original contract was executed, were all parties advised of the importance of consulting a licensed legal professional before executing the alleged contract?

    **YES**         **NO**                **N/A** *(Not Applicable)*

43.   At the time the alleged original contract was executed, were all parties apprised of the meaning of the terms and conditions of said alleged original contract?

    **YES**         **NO**                **N/A** *(Not Applicable)*

44.  At the time the alleged original contract was executed, were all parties apprised that said alleged contract was a private credit instrument?

**YES  NO**                          **N/A (Not Applicable)**

The Debt Collector's failure in completing the questions one (1) through forty four (44) above and returning this Debt Collector Disclosure Statement, as well as providing this Respondent with the requisite *verification* validating the herein-above referenced alleged debt, constitutes Debt Collector's tacit agreement that Debt Collector has no verifiable, lawful, bona fide claim regarding the hereinabove-referenced alleged account. The Debt Collector tacitly agrees that Debt Collector waives all claims against Respondent and indemnifies and holds Respondent harmless against any and all costs and fees heretofore and hereafter incurred and related to any and all collection efforts involving the herein-above referenced alleged account.

**DECLARATION:**         The undersigned hereby declares under penalty of perjury of the laws of this State that the statements made in this Debt Collector Disclosure Statement are true and correct in accordance with the undersigned's best knowledge and belief.

_____                      _____
Date                                         Printed Name of Signatory


_____                      _____
Official Title of Signatory        ,         Authorized Signature of Debt Collector


Debt Collector must timely complete and return this Debt Collector Disclosure Statement, along with all required documents referenced in said Debt Collector Disclosure Statement. Debt Collector's claim will not be considered if any portion of this Debt Collector Disclosure Statement is not completed and timely returned with all required documents, which specifically includes the requisite verification, made in accordance with law and codified in the Fair Debt Collection Practices Act at 15 USCS § 1692 et seq., and which states in relevant part: " A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," which includes " the false representation of the character, or legal status of any debt," and "the threat to take any action that cannot legally be taken,' all of which are violations of federal law. If Debt Collector does not respond as required by law, Debt Collector's claim will not be considered and Debt Collector may be liable for damages for any continued collection efforts, as well as any other injury sustained by Respondent. Please allow thirty (30) days for processing after Respondent's receipt of Debt Collector's response.

**WHEN COMPLETED RETURN TO:**

```
Yoshio I Acosta 73486-280
Federal Correctional Institute 2
Post Office Box 3850
Adelanto, California 92301
```

Yosnio Acosv
Reg. No. 73486-280
Federal Corrections Complex
Victorville Med. 2
P.O. Box 3850
Adelanto, CA 92301



Civil Section Clerks office
Room G-19
312 N. Spring St.
Los Angeles, CA 90012

